REGINA HARRIS, Individually ) C/A No. 01A01-9806-CV-00299
and as Parent and Next Friend ) DAVIDSON COUNTY
of RONNIE DALE NETHERTON, JR., ) Circuit No. 96C-3667
a Minor )
)
    Plaintiffs-Appellants )
)
  v. )
)
DR. ANDREW L. CHERN and )
BAPTIST HOSPITAL, INC. )
)
    Defendants-Appellees )

**FILED**

**June 9, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

## IN THE COURT OF APPEALS AT NASHVILLE

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY AT NASHVILLE, TENNESSEE

THE HONORABLE THOMAS W. BROTHERS, JUDGE

Tricia Dennis
6400 Lee Highway, Suite 102
Chattanooga, TN 37421

    Attorney for Plaintiffs-Appellants

Gayle Malone, Jr.
Kathryn J. Ladd
Trabue, Sturdivant & DeWitt
2500 Nashville City Center
511 Union Street
Nashville, TN 37219

    Attorneys for Defendant-Appellee
    Baptist Hospital, Inc.

VACATED AND REMANDED

                  **Houston M. Goddard, Presiding Judge**

CONCUR:

FRANKS, J.

This is a medical malpractice case wherein Ronnie Dale Netherton, Jr., sustained severe brain injury incident to his birth at Baptist Hospital, Inc. The Trial Judge granted a partial judgment in favor of Baptist as to any negligence alleged against it in connection with the post-natal care of Plaintiff Ronnie Netherton, Jr. Although the Trial Judge overruled the motion for summary judgment alleging negligence by Baptist preceding Ronnie's birth, the Trial Judge, when ruling on the Plaintiffs' motion to reconsider[1] his order of partial summary judgment, overruled the motion and made the partial summary judgment final pursuant to Rule 54 of the Tennessee Rules of Civil Procedure, resulting in this appeal.

The sole question presented is whether the Trial Judge committed prejudicial error by overruling the Plaintiffs' motion to reconsider his award of partial summary judgment.

Before addressing the merits of this appeal, we recognize that the standard of review as to the issue presented is as set out in Rose v. H.C.A. Health Services of Tennessee, Inc., 947 S.W.2d 144 (Tenn.App.1996), which holds that altering or amending a motion to reconsider a summary judgment rests in the sound discretion of the trial court.

---

[1] The motion to reconsider was supported by additional affidavits.

The Trial Court denied the motion to reconsider because the affidavits supporting the motion did not meet the requirements of "newly discovered evidence."

It does appear, contrary to the Trial Court's findings, that the Plaintiffs could not have known of certain facts which were not a part of the hospital records until the deposition of obstetrical nurse Christy Willis was taken. This is more fully explained in the affidavit of counsel for the Plaintiffs:

> 7. It was not until the deposition of the obstetrical nurse, Christy Willis, was taken on December 2, 1997 that Plaintiffs' attorneys learned that Christy Willis had received this information through her computer from the laboratory, that a temporary written statement of the cord blood gasses had been printed but then removed from the file when the official lab results were reported at 11:03 pm. on August 3, 1994. Plaintiffs' counsel also learned in the deposition that Willis had been aware of the baby's severe acidosis but had not communicated this information to any of the nursery personnel or doctors responsible for the care of the infant.

We are not inclined to find that the Plaintiffs must take the depositions of all possible witnesses in resisting a motion for summary judgment but, under the facts of this case, were entitled to rely upon all pertinent facts relative to the delivery and the physical condition of Ronnie being placed in the hospital records.

In this regard, it would seem an anomaly to us that Baptist could remove pertinent information which it should have retained, and then fault the Plaintiffs for not discovering it.

Several reported cases have addressed the propriety of a motion for reconsideration of an order granting summary judgment.  In Schaefer v. Larsen, 688 S.W.2d 430 (Tenn.App.1984), this Court, speaking through Judge Nearn, said that the propriety of such a motion should not be tested by the newly-discovered evidence rule and, in doing so, employed the following language:

> [W]e are not at all satisfied that the strict requirement of rules regarding newly discovered evidence should be applied to the matter of summary judgments.  In matters of newly discovered evidence, the parties have already had *a trial*.  The parties are entitled to one trial.  The basic purpose of courts and judges is to afford the citizenry a public forum to air disputes.  Therefore, in newly discovered evidence circumstances, the parties have already received that which they are basically entitled to receive and one or the other, after a full trial, is seeking a new trial or decision on the issues.  In short, a party is seeking a second trial.  Courts should be cautious in granting a new trial on the grounds of allegedly newly discovered evidence.  However, in the matter of the reconsideration of the granting of a summary judgment motion, the party is only seeking that which he is basically entitled to--a first trial.  We are of the opinion that when a summary judgment has been granted because the case at that point presents no facts upon which a plaintiff can recover, but prior to that judgment becoming final, the plaintiff is able to produce by motion facts which are material and are in dispute, the motion to alter or amend the judgment should be looked upon with favor, as the purpose of the summary judgment procedure is not to abate the trial docket of the Trial Court, but only to weed out cases for trial in which there is no genuine issue of fact. *See Brookins v. The Round Table, Inc.*, (1981 Tenn.) 624 S.W.2d 547, 550.

4

Later cases, however, cast some doubt on the continued viability of <u>Schaefer</u>.  In <u>Braswell v. Carothers</u>, 863 S.W.2d 722 (Tenn.App.1993), the plaintiffs filed a motion to rehear and reconsider an order granting summary judgment, which was denied by the trial court.  In addressing the question and the holding in <u>Schaefer</u>, the Court endorsed the newly-discovered evidence analysis, and found that the evidence presented by an affidavit with the motion "was, or should have been, available to counsel prior to the hearing on the motion and cannot truly be considered 'newly discovered evidence.'"

Another case dealing with a motion to alter or amend a summary judgment previously granted is <u>Marr v. Montgomery Elevator Co.</u>, 922 S.W.2d 526 (Tenn.App.1995).  This Court cited <u>Schaefer</u>, to affirm the trial court's denial of the motion to alter, and used the following language (at page 527):

> In such motions, the moving party is required to show that the evidence has been discovered since the trial and it could not have been discovered prior to trial through the exercise of due diligence.  *Schaefer by Schaefer v. Larsen*, 688 S.W.2d 430 (Tenn.App.1984).

We believe that <u>Marr</u> misstates the holding in <u>Schaefer</u>.  Furthermore, we are inclined to believe that the result reached in <u>Schaefer</u> is the better reasoned one.  We also conclude that even if we accept the dictates of <u>Braswell</u> and <u>Marr</u>, the Trial Court was in error in not granting the motion to reconsider.  We say this because, as above noted, the evidence which led to the

5

affidavits questioning Baptist's post-delivery care was not available to the Plaintiffs, nor do we believe, in light of the fact that a reasonable inference could be drawn, that the information which led to the conclusions in the affidavits filed with the motion to reconsider should have been retained in the file by employees of Baptist and, consequently, was not available until the deposition of Nurse Willis was taken almost nine months after the motion for summary judgment was granted.

Moreover, and perhaps most importantly, the Trial Court, while addressing his actions as to the partial summary judgments granted Baptist and the other Defendant, Dr. Andrew L. Chern, stated the following: "The order needs to reflect that neither Defendant is precluded from renewing the motion for summary judgment after further discovery..."

Although the ensuing order did not specifically so provide, it is clear from the Trial Judge's pronouncement that he would entertain a second motion for summary judgment by the Defendants seeking to overturn that portion of their summary judgment motions that was denied. In view of the leave granted to the Defendants to again raise the issue with the Court after discovery depositions, it would seem the application of even-handed justice would dictate that the Plaintiffs be granted the same post-deposition privilege, which would be a second

6

opportunity to convince the Trial Judge that he was in error in granting a partial judgment to either Defendant.

For this reason we conclude the Trial Court should have granted the motion to reconsider and considered the affidavits in support thereof.

Baptist, in its brief, insist that even if the affidavits were considered, the Trial Court's grant of partial summary judgment was appropriate. We do note that during oral arguments, long after the briefs were filed, counsel for Baptist candidly conceded that had these affidavits been considered the Trial Court should have overruled Baptist's motion.

In defense of counsel, it may have been that she misspoke when questioned by the Court, but, even if she did, we agree with the answer she gave because there is a dispute of material fact between the affidavits filed with the motion to reconsider and those filed by Baptist.

For the foregoing reasons the judgment of the Trial Court as to the granting of a partial summary judgment in favor of Baptist Hospital is vacated and the cause remanded for proceedings consistent with this opinion. Costs of appeal are adjudged against Baptist Hospital.

7

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


___(Not Participating)_____
Don T. McMurray, J.